S. P. SHRIVER ET AL. v. D. R. McINTIRE ET AL.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON
PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 4, 1889—Decided November 11, 1889.

In a suit on a bond wherein the defendants bound themselves to indemni-
fy plaintiffs against any decree or judgment that might be rendered in
an action then pending against plaintiffs, an affidavit of defence averring
that one of the plaintiffs conspired with the plaintiffs in said action to
prevent a proper defence thereto, did wilfully and falsely testify there-
in to matters that were untrue, and thereby prevented a proper determi-
nation of the cause, is sufficient to prevent summary judgment.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILL-
IAMS, McCOLLUM and MITCHELL, JJ.

No. 173 October Term 1889, Sup. Ct.; court below, No. 56
June Term 1889, C. P. No. 1.

On March 14, 1889, a summons was served in an action of
assumpsit brought by Samuel P. Shriver and James H. Stokes
against David R. McIntire and Thomas Brown. A statement
of claim was filed with the præcipe and served with the writ,
assigning breaches by the defendants of a bond executed by the
defendants, dated February 10, 1882, and providing as follows :

" We, David R. McIntire and Thomas Brown, bind ourselves
to Samuel P. Shriver and James H. Stokes that the said David
R. McIntire shall cause defence to be made to an action now
pending in the Court of Common Pleas No. 1 of Allegheny
county, at No. 544 December Term 1881; and that he, the
said McIntire, will pay and satisfy any decree or judgment that
may be recovered against said Shriver and Stokes, for or on
account of a six tenths interest in the firm of Nellis, Shriver &
Co., which was of A. J. Nellis, and that said McIntire shall in-
demnify and save the said Shriver and Stokes harmless from
any and all loss, liability, damages and costs, on account of or
by reason of said action. If the said David R. McIntire shall
fail to pay, then the said Thomas Brown will pay for him."

David R. McIntire, one of the defendants, filed an affidavit
of defence, which after various averments, admitted in para-

Arguments.

graph 6 the execution of the bond sued upon, and stated that on January 5, 1882, Eliza M. Nellis, in order to secure the affiant for certain moneys advanced by him, had executed and delivered to affiant an assignment of certain goods and chattels; that, learning of the action pending at No. 544 December Term 1881, with regard to an alleged interest of A. J. Nellis in said assigned goods and chattels, he was assured by the plaintiffs and their counsel that Eliza M. Nellis had a good title to said goods and chattels, and that no liability could arise by reason of said suit except the cost of employing counsel; that it was agreed at the time said bond was given that the cost of defending said action was to be the limit of liability; "that in pursuance of said agreement the affiant employed able counsel, who defended said action; and, notwithstanding the fact that affiant was ready and willing at all times to and did perform all the covenants of said obligation, the said Samuel P. Shriver wickedly and maliciously, and for the purpose of injuring affiant, conspired with the plaintiffs in said action and other parties interested in the promotion of proceedings in No. 544 December Term 1881, to prevent a proper defence to be made thereto, and did wilfully and falsely swear, as a witness, being sworn in said cause, to matters and things that were untrue, and throughout the whole litigation was the main witness against Nellis, Shriver & Company, and thereby prevented a proper determination of said cause."

A rule for judgment for want of a sufficient affidavit of defence having been taken, and argued, the court, STOWE, P. J., on April 22, 1889, adjudged the affidavit of defence, in respect of the averments in the part of paragraph 6 above quoted, to be sufficient, and discharged the rule for judgment. Thereupon the plaintiffs took this appeal assigning the order discharging said rule as error.

*Mr. H. A. Miller* (with him *Mr. J. H. White, Mr. O. S. Richardson* and *Mr. Kirk Q. Bigham*), for the appellants:

Counsel cited: Erie City v. Butler, 120 Pa. 374; Hostetter v. Pittsburgh, 107 Pa. 419.

*Mr. Thos. M. Marshall, Mr. A. M. Imbrie, Mr. L. K. Porter* and *Mr. W. B. Rogers*, for the appellees, were not heard.

Per Curiam:

We are of opinion that the learned judge below was right in refusing judgment for want of a sufficient affidavit of defence. As the case must go to a jury, we decline to discuss it, for obvious reasons.

Order affirmed.